## DAVIS CALYX DRILL CO. v. PLUNGER ELEVATOR CO.

### (Circuit Court, S. D. New York. December 22, 1904.)

PATENTS—ANTICIPATION—ROCK-DRILLING MACHINERY.

The Davis patents, Nos. 694,534 and 694,535, one for a rock-boring apparatus, and the other for the process of boring rock by similar apparatus, which consists of a hollow drill, which cuts around a core and is carried by a hollow drill rod, the essential feature of the invention of the patents being a cup placed on the drill rod into which the drillings are forced by a jet of water up through the drill rod, are void for anticipation by the prior patent, No. 555,640, to the same patentee, which shows a similar cup.

In Equity. On final hearing.

James C. Chapin, for plaintiff.
Harold Binney, for defendant.

WHEELER, District Judge. This suit is brought upon patents Nos. 694,534 and 694,535, dated March 4, 1902, and granted to Francis H. Davis, assignor to the plaintiff; one for a rock-boring apparatus, and the other for the process of boring rocks by similar apparatus. The object of the inventions is the deep boring by an annular drill head around a core turned by a hollow drill rod of successive lengths working on shot to abrade the rock, down which water is carried for wetting the working face of the drill and bringing up the detritus. Formerly the detritus was brought to the surface by the water, which, as the boring became deep, required great force. The principal feature of this invention is a cup on the boring rod above the bit for receiving and holding the detritus, into which it will be carried by water of sufficient force to raise it to that height, however great the depth may be. The specification sets forth such a receiver or cup thus:

"Carried by the boring rod and bit, in which the grindings or millings may be received at a point intermediate of the bottom and top of the hole, and said cup will always occupy substantially the same relative position to the shot and bit, no matter what may be the depth of the hole being bored."

The claim of the mechanical patent is:

"In an apparatus for boring holes in rock or similar material in the earth's strata, the combination with a hollow boring rod, a hollow bit carried thereby, the working face of which is adapted to co-operate with shot substantially as described, and means whereby water may be forced into said bit, and thence upward around same, at a substantially uniform pressure, regardless of the depth of the hole, to carry away the millings or grinding therefrom; said means including a cup disposed above the bit for catching the said millings or grindings, said cup carried by the drill rod, and adapted to be lowered and raised therewith as the drill rod descends and ascends, substantially as set forth."

The defenses are, among others, anticipation by a prior patent, No. 555,640, dated March 3, 1896, and granted to Davis himself, and reissued in No. 11,597, dated April 27, 1897, for a core-boring apparatus, whereby the rock is flaked up by teeth on the boring face of the drill and carried by water through the drill rod up into a cup above the boring head on the drill rod, at a uniform distance from the working face of the drill, whatever the depth from the surface may be. The specification of the reissue says:

"Having, then, provided such a cup, which is definitely able to contain all the débris aforesaid, and having a jet of water no more powerful than is necessary to carry the débris above the top of the chip cup, at which point the speed of the current diminishes on account of the widening of the water space in the bore, the result is that the chips fall into the cup and fill it in regular order as they are produced.

"Now, in all diamond and other hydraulic drilling machinery, the whole, or almost all, of the cuttings or chips are caused to pass with the water up the bore to the surface, and to do this these drills require extremely powerful special steam pumps when any considerable depth is attained.

"I proceed on totally different principles. I provide that the chips and débris shall never be carried up to the surface by the ascending water."

And the fourth and sixth claims include the chip cup in the combination. The boring heads appear to be interchangeable, and the cup would operate in the same way to collect the chips, débris or detritus, so that it could be drawn up by the boring rod, instead of forced up by the water. It does not seem possible mechanically to distinguish the cup of that patent from the cup of this material patent, or the operation of it there from the operation of the cup in this process patent. What is shown in a prior patent cannot be claimed again by the same inventor. James v. Campbell, 104 U. S. 356, 26 L. Ed. 786.

Bill dismissed.